

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GALINA SOKOLSKAYA,                                   )
                                                     )
            Plaintiff,                               )
                                                     )
vs.                                                  )
                                                     )
IMMIGRATION AND                                      )
NATURALIZATION SERVICE; DORIS                        )
MEISSNER, Commissioner, Immigration                  )
and Naturalization Service; ROBERT                   )
WALLIS, District Director, Immigration               )
and Naturalization Service, Miami; and               )
ELAINE WATSON, Director,                             )
Naturalization Unit, Immigration and                 )
Naturalization Service, Miami                        )
                                                     )
            Defendants.                              )
_____)

CASE NO. **00-6074**

**CIV-HURLEY**

**MAGISTRATE JUDGE LYNCH**

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

## PRELIMINARY STATEMENT

1.      Plaintiff Galina Sokolskaya is an 86 year old frail elderly individual with multiple

disabilities who is a long term legal permanent resident of the United States, who has applied

for naturalization, who desires very much to become a citizen and who is otherwise qualified

for naturalization.  Plaintiff is being excluded from citizenship and  subjected to

discrimination in the processing of her naturalization application solely because of her

disabilities.   Specifically, plaintiff is being discriminated against due to the policies and

practices of the defendants in refusing to inform naturalization applicants that they have a

right to request an accommodation for their disability prior to the naturalization interview, in

refusing to provide any means to make a request for accommodation for a disability prior to

the naturalization interview, in refusing to respond to any written requests for



accommodation of disabilities prior to the naturalization interview and finally in refusing as a matter of policy to schedule off-site interviews as an accommodation to home bound applicants, such as the plaintiff.

2.      Plaintiff challenges, as violative of 29 U.S.C.§ 794 and 8 C.F.R. § 334.4, the defendants' practices and policies that have deprived her of her ability to naturalize and have subjected her to discrimination in the processing of her naturalization application, solely because plaintiff is a person with a disability.

3.      Plaintiff brings this action for declaratory and injunctive relief specifically to challenge the aforementioned policies and practices of the defendants, as more fully described hereafter, that violate her rights as a person with a disability in the processing of her naturalization application.

## JURISDICTION

4.      This Court has jurisdiction over the claims presented in this action pursuant to 28 U.S.C. §1331 and 1343.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5.      Venue in the Southern District of Florida is proper pursuant to Title 28 U.S.C. § 1391(e) in that defendants Robert Wallis and Elaine Watson are residents of the Southern District of Florida, a substantial part of the activities complained of occurred in the Southern District of Florida and the named plaintiff resides in this judicial district.

## PARTIES

**A.      PLAINTIFF**

6.      Plaintiff, Galina Sokolskaya , is an 86 year old frail elderly individual with a disability who is a resident of Broward County, Florida.

2

**B.    DEFENDANTS**

7.    Defendant Immigration and Naturalization Service ("INS") is the agency of the United States government charged with the processing and approval of all naturalization petitions. As such, the agency is responsible for the acts challenged in this action.

8.    Defendant Doris Meissner is the Commissioner of the INS and its Chief Executive Officer. As such, she is responsible for the administration of the Immigration and Naturalization Act and for the promulgation and administration of regulations, policies, procedures and guidelines concerning the processing of the naturalization petitions.

9.    Defendant Robert Wallis is the District Director of the Miami District Office of the INS, and its Chief Administrative Officer. The Miami District Office is responsible for making the determination to grant or deny all naturalization applications filed by persons residing in the State of Florida.

10.    Defendant Elaine Watson is the Director of the Naturalization Unit of the Miami, Florida District Office of the INS. She is responsible for the administration of the naturalization program in the Miami District office.

## STATEMENT OF FACTS

11.    Plaintiff, Galina Sokolskaya, is a lawful permanent resident who emigrated from the Soviet Union to the United States in 1976 at which time she obtained her lawful permanent residency. She is currently 86 years old, has a history of, and currently suffers from, multiple disabilities, including coronary artery disease, congestive heart failure, emphysema, colon cancer, Parkinson's disease and diabetes. In the past year she has been hospitalized for congestive heart failure as well as a stroke. Her condition has been rapidly deteriorating

3

recently and she has is now essentially house bound and largely bedridden.  Ms. Sokolskaya filed an application for citizenship (N-400) on October 18, 1996 and subsequently filed a request that she be excused from the Civics portion of the naturalization exam due to her medical condition.

12.    Because of her disability she is extremely weak and  can only leave her home for a very short period of time, if at all.  She spends virtually all of her time (both sleeping and awake) in a semi-reclining position in a chair in her daughter's home.  Due to her severe asthma she is unable to lie down and must sleep in this semi-reclining position.  She was formerly on oxygen therapy but it was discontinued due to damage to her lungs.

13.    Despite her disability, she has continued to pursue her dream of becoming a United States citizen.  However, her  residence with her daughter in Broward County  is more than thirty miles from the INS naturalization examination center in downtown Miami.  Due to her weak heart and frail condition, she has been advised by her physician that any extended period of travel could be extremely harmful.  It would endanger her health and well-being for her to travel to downtown Miami, participate in an INS naturalization interview and then return to her home.

14.    In early 1999, Ms. Sokolskaya  received a notice from defendants that she was scheduled for a naturalization interview at the Miami INS office on July 13, 1999.  Despite her frail and weakened condition, Ms. Sokolskaya, with the assistance of her daughter and son-in-law  attended the interview.  Ms. Sokolskaya only speaks Russian.  Pursuant to 8 C.F.R. § 312.1(b) she was entitled to take the naturalization examination in her own

language. However, at the time of the interview she was told that no Russian interpreters were available and she would have to take the examination in English. Due to her limited English and her extremely weakened condition, she was unable to pass the examination. She informed the defendants' staff that she was feeling ill and desired a glass of water and her request was ignored. She attempted to explain that she had asthma and was extremely weak and she was told "Everyone has asthma". She was then told that she would be required to return on September 15, 1999 and that she would have to bring a certified Russian interpreter with her. At the end of the interview she was extremely weak and ill.

15.     Subsequently, her condition continued to worsen such that she felt that it would be physically impossible for her to travel all the way to the INS office in Miami without risking serious injury. As a result of her worsening physical condition, she was unable to attend the interview on September 15, 1999. On September 17, 1999 through her representative she wrote a letter to defendants, informing them as to why she was unable to attend her September 15, 1999 interview. The letter also informed defendants that because of plaintiff's worsening physical condition she would need an accommodation that would not require her to travel to Miami. Attached to that letter was a statement from her physician stating that her disability required that she be examined without the necessity of traveling to downtown Miami. A copy of that correspondence is attached hereto as Exhibit A. She has never received any response from defendants regarding this request.

16.     Rather plaintiff subsequently received a notice of another appointment on November 24, 1999 at 10:10 a.m. at defendants' offices in downtown Miami, at which time she was

5

again required to bring a "certified translator." On October 7, 1999, through her representative, she again wrote a letter to defendants, informing them that she was unable to attend the November 24, 1999 interview because of her inability to travel. The letter again reiterated her request for an accommodation. A copy of that letter is attached hereto as Exhibit B. Again, plaintiff has received no response from defendants to that letter. However, in late November, 1999 plaintiff received yet another notice scheduling her, yet again for an interview in defendants' downtown Miami offices on January 28, 2000. The notice again demanded that she bring a "certified translator" and did not mention her request for an accommodation. A copy of that notice is attached hereto as Exhibit C.

17.    Despite numerous requests of defendants for an accommodation of her disability, neither Ms. Sokolskaya nor any of her legal representatives have been contacted regarding her request for an accommodation nor has receipt of the request for accommodation even been acknowledged by defendants. To the contrary, Ms. Sokolskaya has continued to receive notices scheduling her for appointments in downtown Miami and ignoring her requests and protestations.

18.    Ms. Sokolskaya has never received any information from defendants at any time informing her that defendants could make accommodations for her disability. The notices that she received from defendants never mentioned the possibility of an accommodation nor was she ever provided any such information otherwise, either verbally or in writing.

19.    Plaintiff is very frail and elderly. She is in poor and rapidly failing health. As a result of defendants' practices, she has been foreclosed from obtaining a naturalization

6

interview and thus a determination of her naturalization application. Her attempts to raise her complaints with the defendants have resulted in absolutely no action and extensive further delay. As a result of plaintiff's failing health and the continuous delay of the defendants, plaintiff is threatened with irreparable injury in that the inability to obtain a timely naturalization interview, coupled with plaintiff's failing health will prevent plaintiff from ever obtaining a decision on her naturalization application.

20.    Because of defendants' policies, as described herein, Ms. Sokolskaya's application for citizenship has not been processed and she has not been provided with an accessible naturalization interview.   As a result she has been effectively precluded from becoming a United States citizen.   Unless this court orders defendants to provide Ms. Sokolskaya with an accessible interview, she will be irreparably injured in that she will forever be deprived of becoming citizen solely because of the inaccessibility of the current interview process and the refusal of the defendants to make any accommodation.   There is no administrative appeals process from a refusal to process a naturalization application.

## THE REHABILITATION ACT AND THE IMPLEMENTING REGULATIONS

21.    For over twenty years Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 has guaranteed that:

> No otherwise qualified individual with a disability in the United States...shall solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination...under any program conducted by any Executive Agency...

22.    In response to the requirements of Section 504, the defendants implemented regulations designed specifically to prevent individuals with a disability from being excluded

from naturalization solely due to their inability to appear at the naturalization interview. 8

C.F.R. § 334.4 states:

> Whenever it appears that an applicant for naturalization may be unable, because of
> sickness or other disability, to appear for the initial examination on the
> application...the district director shall cause an investigation to be conducted to
> determine the circumstances surrounding the sickness or disability. The district
> director shall determine whether the sickness or disability is of a nature which so
> incapacitates the applicant as to prevent the applicant's appearance at a Service office
> having jurisdiction over the applicant's place of residence. If so, the district director
> shall designate another place where the applicant may appear for the requisite
> naturalization proceedings.

23.    In 1993, the original 8 C.F.R. § 334.4 was amended to the current language. At that

time, the current word "shall" in the third sentence was inserted in the place of "may"

specifically to impose a mandatory duty on the district director to name an alternative site

when the applicant is unable to appear at an INS office.

## THE CHALLENGED PRACTICES

24.    Defendants at all times mentioned herein have maintained the following policies and

practices at the Miami District Office with respect to their processing of applications for

naturalization:

     a.    Defendants refuse as a matter of policy to provide any notice to naturalization

applicants with a disability of their right to request, or the procedure for requesting, an

accommodation of their disability at their naturalization interview, or at any step of the

naturalization process;

     b.    Defendants refuse as a matter of policy to provide any process or procedure

by which naturalization applicants with a disability can request an accommodation at their

8

naturalization interview, or at any step of the naturalization process;

      c.     Defendants have failed and refuse as a matter of policy to designate anyone with the authority to receive or respond to requests by naturalization applicants with a disability for an accommodation at their naturalization interview, or at any step of the naturalization process;

      d.     Defendants have failed and refuse as a matter of policy to consider, investigate or respond to requests by naturalization applicants with a disability for an accommodation at their naturalization interview, or at any step of the naturalization process;

      e.     Defendants have failed and refuse as a matter of policy to provide reasonable accommodations, such as off-site interviews, to applicants with disabilities, despite explicit requests and demonstrated need.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF
### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

25.    Defendants' actions, policies and/or practices as described in ¶¶ 1- 24 violated plaintiff's right to be free from discrimination on account of her disability in the administration of any program conducted by any Executive Agency as guaranteed by Section 504 of the Rehabilitation Act, 29 U.S.C.§ 794 and the implementing regulations.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF 8 C.F.R. § 334.4

26.    Defendants' actions, policies and/or practices as described in ¶¶ 1- 24 violated plaintiff's rights pursuant to 8 C.F.R. § 334.4 to have the defendants investigate and determine whether the plaintiff is physically incapable of attending the naturalization

interview and, if so, to designate another place where the applicant must appear for the requisite naturalization interview.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

27.    Defendants' actions, policies and/or practices as described in ¶¶ 1- 24 are in violation of the Administrative Procedure Act, 5 U.S.C. section 701 et seq., in that they have unlawfully withheld and unreasonably delayed agency action to which the plaintiff is entitled and have not acted in accordance with law:

a.    By refusing as a matter of policy to provide any notice to naturalization applicants with a disability of their right to request, or the procedure for requesting, an accommodation of their disability at their naturalization interview, or at any step of the naturalization process;

b.    By refusing as a matter of policy to provide any process or procedure by which naturalization applicants with a disability can request an accommodation at their naturalization interview, or at any step of the naturalization process;

c.    By refusing as a matter of policy to designate anyone with the authority to receive or respond to requests by naturalization applicants with a disability for an accommodation at their naturalization interview, or at any step of the naturalization process;

d.    By refusing as a matter of policy to consider, investigate or respond to requests by naturalization applicants with a disability for an accommodation at their naturalization interview, or at any step of the naturalization process;

e.    By refusing as a matter of policy to provide reasonable accommodations, such

10

as off-site interviews, to applicants with disabilities, despite explicit requests and demonstrated need.

       f.      By refusing (a) to consider the claim of plaintiff that she is unable, by reason of her disability to attend a naturalization interview at a Service office; and (b) to investigate said claim; and (c) to designate an alternative site for the conducting of the interview.

      28.     As a result of defendants' violation of Section 504 of the Rehabilitation Act, 29 U.S.C.§ 794 and 8 C.F.R. § 334.4. plaintiff has been unlawfully deprived of a timely determination of her naturalization application. In addition, defendants, in taking the actions and implementing the practices described herein, did not proceed according to law. Plaintiff has no administrative remedies which she could reasonably utilize to remedy defendants' conduct.

### REQUESTS FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

1.     Issue a permanent injunction requiring defendants to:

      a.     Provide the plaintiff with a reasonable accommodations, such as off-site interviews, so as to allow her reasonable access to the naturalization interviewing process.

      b.     Designate someone with the authority to receive, evaluate and respond to requests by naturalization applicants with a disability, such as plaintiff, requesting that INS provide them with an accommodation at their naturalization interview, or at any step of the naturalization process;

      c.     Develop and implement a procedure by which naturalization applicants with a disability, such as plaintiff, can request that defendants provide them with an

accommodation at their naturalization interview, or at any step of the naturalization process;

      d.     Notify naturalization applicants with a disability, such as plaintiff, of their right to request and of the procedure for requesting, that defendants provide them with an accommodation of their disability at their naturalization interview, or at any step of the naturalization process;

      e.     Consider, investigate and respond to requests by naturalization applicants with a disability, such as plaintiff, that defendants provide them with an accommodation at their naturalization interview, or at any step of the naturalization process;

2.     Issue a declaratory judgment, pursuant to 28 U.S.C. §2201, declaring that:

      a.     The defendants' refusal as a matter of policy to provide any notice to plaintiff or other naturalization applicants with a disability of their right to request, or the procedure for requesting, an accommodation of their disability at their naturalization interview, or at any step of the naturalization process constitutes a violation of 29 U.S.C.§ 794 or 8 C.F.R.§334.4;

      b.     The defendants' refusal as a matter of policy to provide any process or procedure by which plaintiff or other naturalization applicants with a disability can request an accommodation at their naturalization interview, or at any step of the naturalization process constitutes a violation of 29 U.S.C.§ 794 or 8 C.F.R. § 334.4;

      c.     The defendants' failure and refusal as a matter of policy to designate anyone with the authority to receive or respond to requests by plaintiff or other naturalization applicants with a disability for an accommodation at their naturalization interview, or at any step of the naturalization process constitutes a violation of 29 U.S.C.§ 794 or 8 C.F.R.

12

§334.4:

      d.     The defendants' failure and refusal as a matter of policy to consider, investigate and respond to requests by plaintiff or other naturalization applicants with a disability for an accommodation at their naturalization interview, or at any step of the naturalization process constitutes a violation of 29 U.S.C.§ 794 or 8 C.F.R. §334.4;

      e.     The defendants' failure and refusal as a matter of policy to provide a reasonable accommodation, such as off-site interviews, to plaintiff or other bedridden applicants with disabilities, despite explicit requests and demonstrated need constitutes a violation of 29 U.S.C.§ 794 or 8 C.F.R. §334.4.

4.     For costs of suit;

5.     For reasonable attorneys' fees for Florida Legal Services, Inc. and Florida Justice Institute, Inc. for the work performed by the attorneys employed by said firms.

6.     For such other relief as this court may deem just and proper.

              Respectfully submitted,
              Attorneys for Plaintiff

By _____
              CHARLES F. ELSESSER, JR., ESQ.
              Florida Bar No. 971162
              FLORIDA LEGAL SERVICES, INC.
              Miami Advocacy Office
              3000 Biscayne Blvd., Suite 450
              Miami, FL 33137
              Telephone No. (305) 573-0092
              Facsimile  No. (305) 576-9664

              JONEL NEWMAN, ESQ.
              Florida Bar No. 112320
              Florida Justice Institute, Inc.
              2870 First Union Financial Center

13

200 South Biscayne Boulevard
Miami, Florida 33131-2309
(305) 358-2081
(305) 358-0910 - Fax

BARBARA J. PRAGER, Florida Bar No. 267937
LEGAL AID SERVICE OF BROWARD COUNTY,
INC.
609 S.W. First Ave.
Fort Lauderdale, FL 33301
Telephone (954) 765-8955
Facsimile (954) 765-5149

sokolskayacomplin.wpd

14



President

**Willie Mae Felder**
*Vice President*

**Adele Stone**
*Secretary*

**Anthony Peterson**
*Treasurer*

**Anthony J. Karrat**
*Executive Director*

609 S.W. First Avenue
Ft. Lauderdale, FL 33301
Tel: (954) 765-8950
Fax: (954) 765-5149

## FACSIMILE COVER SHEET

DATE: 9/17/99

TO: Elaine Watson
INS

FAX NUMBER: 305/530-6469

FROM: Blanca Black

RE: Galina Sokolskaya

COMMENTS: _Unable to travel to Scheduled appt due to ill health Req: No Schedule + Expedite_

NUMBER OF PAGES (INCLUDING THIS COVER SHEET) 5

IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL _____ AT (954) 765-8957, Ext. 248

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE.

*Celebrating 25 Years!*



Catherine Zipling
President

Willie Mae Felder
Vice President

Adele Stone
Secretary

Anthony Palermo
Treasurer

Anthony J. Karrat
Executive Director

**SERVICE OF BROWARD COUNTY, INC.**

609 S.W. First Avenue
Ft. Lauderdale, FL 33301
Tel: (954) 765-8950
Fax: (954) 765-5149

September 17, 1999

**VI A F ACSIMILE 305/530-6469**

Elaine Watson
Chief of Examinations
Citizenship USA
77 SE 5th Street, 2nd Floor
Miami Florida 33131

RE: Galina Sokolskaya -- AO35 077 100

Dear Ms. Watson:

Please accept this letter, along with the N-14 form, with attachments, as a request for a new appointment for the above mention individual.

Ms. Sokolskaya is seriously ill and was unable to attend her scheduled appointment of September 15, 1999. See attached letter from Dr. Graubard dated September 13, 1999.

As you can see, she will require accommodations because she is too frail to travel in her condition. In addition, because of her ill condition, it is also requested, in accordance to INS instruction, that her naturalization N-400 application be expedited.

Thank you in advance for a prompt response to this request. Please contact me at the number indicated above if you need additional information.

Sincerely,

Blanca Black
Paralegal
Senior Citizen Law Project

Enclosure

*Celebrating 25 Years!*

U.S. Department of Justice
Immigration and Naturalization Service

GALIJA SOKOLSKAYA

File No.: A 35 077 100
Date: 7-13-99
Officer: B

Examination of your application (N400) shows that additional information, documents or forms are needed before your application can be acted upon. Please **RETURN THIS LETTER WITH REQUESTED INFORMATION and/or DOCUMENTS** At: Immigration & Naturalization Service
77 S.E. 5th Street, 2nd Floor
Miami, Florida 33131

SEP 1 5 1999    9:30am on

**Failure to do so may result in the denial of your application.**

Form N-14 (Rev. 9/16/97)

## ATTACHMENT TO FORM N-14

NAME: _GALIJA SOKOLSKAYA_     FILE NO: _A35 077 100_

You must bring the following information or document (s) checked ☑ to your next interview (see Form N-14). Failure to do so may result in denial of your application.

☑ Government Test    ☐ Writing Test    ☐ Reading Test    ☐ Complete Preliminary Examination

☐ Proof of your continuous residence & your physical presence in the U.S. from _____ to **Present** including (1) passports, 2) proof of income or means of support, (3) rent/mortgage statements & utility bills, (4) bank, credit card & loan statements showing regular transactions, (5) car registration & insurance & (6) school records. Bring all original documents and a photocopy of each document.

☐ A list of trips made outside the U.S. from _____ to **Present** with the date of departure, the date of return, the destination & the reason for each trip and all passports.

☐ A list of all your addresses from _____ to **Present**.

☐ A list of all your employers with addresses, from _____ to **Present**. If you were unemployed, included the dates of your unemployment.

☐ Original Marriage Certificate, Original evidence of your spouse's citizenship, proof that the marriage is in good standing, and dissolution of all prior marriages. Bring all original documents and a photocopy of each document.

☐ Transcript of your Driver's Record for the last 7 years. Applications are obtainable from the Department of Motor Vehicles.

☐ ORIGINAL OR CERTIFIED COPIES of the **FULL DISPOSITION** for every arrest including the **ARREST REPORT**, the **INFORMATION or INDICTMENT**, the **JUDGMENT**, & the **SENTENCE with PROBATION ORDERS** & evidence of completion of sentences. *Please refer to attached "Instructions Concerning Arrest & Court Records".*

☐ A police clearance by appropriate law enforcement agencies from all jurisdictions where you have resided from _____ to **Present**.

☐ A letter from your religious denomination that you are a member in good standing. A statement from your religious denomination regarding its principle regarding the bearing of arms **and** a statement expressing your own personal beliefs about the same.

☐ Evidence of registration with the Selective Service before the age of 26. IF YOU DID NOT REGISTER BEFORE THE AGE OF 26, SUBMIT BOTH: a letter of explanation as to the reason you failed to register & a letter from Selective Service as to whether they had written to you notifying you to register. *For proof of registration or a letter from Selective Service, call (847) 688-6888 if you are under 26 and need to register, applications are available at the Post Office.*

☐ Proof of child support from _____ to **Present**. Please include your Divorce Decree and/or Court Order concerning the matter of child support. Bring all original documents and a photocopy of each document.

☐ Two Color Photos. The photos must be glossy, unretouched and unmounted, and have a white background. Dimension of the face should be about 1 inch from chin to top of hair. Face should be ¾ frontal view of right side with right ear visible.

☑ _N-648 Medical forms_

☑ _Certified Translation_

**YOU MUST BRING ALL ORIGINAL DOCUMENTS AND A PHOTOCOPY OF EACH DOCUMENT TO YOUR INTERVIEW.**

*[signature]*

THE NORTH BROWARD HOSPITAL DISTRICT

MEMORIAL HOSPITAL    MEMORIAL HOSPITAL WEST

| DATE | ALL ENTRIES IN THE MEDICAL RECORD MUST BE DATED AND SIGNED. |
|------|--------------------------------------------------------------|

re: galina Sokolskaya

To Whom It May Concern:

Mrs. Sokolskaya is presently under my care. She has had a stroke + colon cancer. She has coronary artery disease, congestive heart failure + diabetes. She is too frail to travel even short distances & cannot remain seated in an office chair for hours on end.

Mrs. Sokolskaya is not capable of taking a citizenship exam due to her decreased mental capacity due to her stroke and other medical problems.

Sincerely,



CATHERINE ZIPIAY
*Presid: 1*
WILLIE MAE FEL )ER
*Vice Presid tat*
ADELE S) ONE
*Secreta;*
ANTHONY P) LER MO
*Treasure :*

ANTHONY J. : CARI :AT
*Executive Di rector*

**Reply to:**
◻ CENTRAL OFFICE
609 S.W. First Avenue
Ft. Lauderdale, Florida 33301
Tel.: (954) 765-8950 Fax: (954) 765-5149

◻ NORTH COUNTY
2201 W. Sample Road
(corner of Powerline)
Bldg. 7, Suite 5A
Pompano Beach, Florida 33073
Tel.: (954) 970-0155 Fax: (954) 970-0154

## FACSIMILE COVER SHEET

DATE: *10/7/99*

TO: *Elaine Watson*
*INS*

FAX NUMBER: *305/530-6469*

FROM: *Blanca Black*

RE: *Galena Sokolskaya A035 077 100*

COMMENTS: *Client is unable to travel &*
*will require Accommodation.*

NUMBER OF PAGES (INCLUDING THIS COVER SHEET) *10*

IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL _____ _____ AT (954) 765-8957, Ext. *248*

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE.

EXHIBIT B p.1



**Catherine Zigris**
*President*

**Willie Mae Fields**
*Vice President*

**Adele Stone**
*Secretary*

**Anthony Palermo**
*Treasurer*

**Anthony J. Karr II**
*Executive Director*

**Central Office**
609 S.W. First Avenue
Ft. Lauderdale, FL 33301
Tel: (954) 765-8950
Fax: (954) 765-5149

SERVICE OF BROWARD COUNTY, INC.

October 7, 1999

**VIA FACSIMILE 305/530-6469**

Elaine Watson
Chief of Examinations
Citizenship USA
7 SE 5th Street, 2nd Floor
Miami, Florida 33131

RE: Galina Sokolskaya – AO35 077 100

Dear Ms. Watson:

The above mention has once again been scheduled for an interview on November 24, 1999 at 10:10 am.   As previously stated and documentation provided by her physician of her condition, Ms. Sokolskaya is unable to travel due to her medical condition.   She will need, and is entitled to accommodations pursuant to 29 USC 794, accommodation due to her disability   A request for accommodation was made and this office has yet to be advised if it will be provided. The November 24, 1999 interview date does not provide for this request.   Therefore, by way of this letter, this office, once again, request accommodations for the above mention.   See attached letter from our office along with Dr. Graubard letter dated September 13, 1999 requesting accommodations for this client.

Your prompt response to this request is needed as soon as possible in order for the above to fulfill her dream of becoming a United States citizen..

Sincerely,

*Blanca Black*
Blanca Black
Paralegal
Senior Citizen Law Project

Enclosure

*Celebrating 25 Years!*

EXHIBIT B p. 2

U.S. Department of Justice
Immigration and Naturalization Service

*Perina Sokolskaya*
*1 '00 SW 15ct*
*Pembroke Pines, FL 33027*

File No.: 35-077.100

Date:

Officer:

Examination of your application (N400) shows that additional information, documents or forms are needed before your application can be acted upon. Please **RETURN THIS LETTER WITH REQUESTED INFORMATION and/or DOCUMENTS by**

**NOV 24 1999**        *10:10 AM*

Immigration and Naturalization Service
77 S.E. 5th Street, 2nd Floor
Miami, Florida 33131

*Failure to do so may result in the denial of your application.*

Form N 14 (Rev. 9/16/97)

EXHIBIT C p.1

## ATTACHMENT TO FORM N-14

NAME. *Evelina Sokolskaya*                    FILE NO. *35-077.100*

You must bring the following information or document (s) checked ☑ to your next interview (see Form N-14). Failure to do so may result in denial of your application.

☒ Government Test:        ☐ Writing Test        ☐ Reading Test        ☐ Complete Preliminary
Examination

☐ Proof of your continuous residence & your physical presence in the U.S. from _____ to **Present**, including (1) passports, (2) proof of income or means of support, (3) rent/mortgage statements, 2 utility bills, (4) bank, credit card & loan statements showing regular transactions, (5) car registration & insurance & (6) school records. Bring all original documents and a photocopy of each document.

☐ A list of trips made outside the U.S. from _____ to **Present**, with the date of departure, the date of return, the destination & the reason for each trip and all passports.

☐ A list of all your addresses from __ __ to **Present**.

☐ A list of all your employers with addresses from _____ to **Present**. If you were unemployed, included the dates of your unemployment.

☐ Original Marriage Certificate. Original evidence of your spouse's citizenship, proof that the marriage is in good standing and dissolution of all prior marriages. Bring all original documents and a photocopy of each document.

☐ Transcript of your Driver's Record for the last 7 years. Applications are obtainable from the Department of Motor Vehicles.

☐ U.S. CERTIFIED copies of the **ARREST REPORT**, the **INFORMATION or INDICTMENT**, the **JUDGMENT**, and the **SENTENCE** for every arrest, including **PROBATION ORDERS** and evidence of completion of sentences. *(CLAIMS OF NO RECORD MUST BE CERTIFIED BY THE CLERK OF COURT IN BOTH THE FELONY & MISDEMEANORS DIVISIONS IN THE COUNTY OF ARREST. SEALED RECORDS MUST BE RE-OPENED) (If your file is unavailable, you must request your records off microfilm or microfiche.)*

☐ A police clearance from all the jurisdictions, where you have been residing from _____ to **Present**.

☐ A letter from your religious denomination that you are a member in good standing. A statement from your religious denomination regarding its principle regarding the bearing of arms **and** a statement expressing your own personal beliefs about the same.

☐ Evidence or registration with the Selective Service before the age of 26. IF YOU DID NOT REGISTER BEFORE THE AGE OF 26, SUBMIT BOTH a letter of explanation as to the reason you failed to register & a letter from Selective Service as to whether they had written to you notifying you to register. For proof of registration or a letter from Selective Service, call **(888) 655-1825** or **(847) 688-6888**. If you are under 26 and need to register, applications are available at the Post Office.

☐ Proof of child support from _____ to **Present**. Please include your Divorce Decree and/or Court Order concerning the matter of child support. Bring all original documents and a photocopy of each document.

☐ Two Color Photos. The photos must be glossy, unretouched and unmounted, and have a white background. Dimension of the face should be about 1 inch from chin to top of hair. Face should be ¾ frontal view of right side with right ear visible.

☒ N-648 (original)

☒ certified Translator

**YOU MUST BRING ALL ORIGINAL DOCUMENTS AND A PHOTOCOPY OF EACH DOCUMENT TO YOUR INTERVIEW.**

EXHIBIT C p.2

## CIVIL COVER SHEET

**00-6074**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

**I (a) PLAINTIFFS**

Galina Sokolskaya

**DEFENDANTS**    **CIV-HURLEY**

Immigration and Naturalization Service; Doris Meissner, Commissioner; Robert Wallis, District Director, Miami; Elaine Watson, Director, Naturalization Unit Miami

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE. IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**MAGISTRATE JUDGE**
**LYNCH**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Charles F. Elsesser, Jr. 305-573-0092
Florida Legal Service, Inc.
3000 Biscayne Blvd. Ste 450 Miami, FL 33137

ATTORNEYS (IF KNOWN)  Department of Justice
Civil Division
Washington, D.C.

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:

DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. Section 794- Failure of the defendants to accommodate the disability of the plaintiff in the processing of her naturalization application.

IVa. ___3___ days estimated (for both sides) to try entire case.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus** | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☒ 444 Welfare | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | ☐ 791 Empl. Ret. Inc Security Act | | |

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc Security Act

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Refiled   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P. 23

**DEMAND $** Declaratory & Inj. Relief    Check YES only if demanded in complaint
**JURY DEMAND:**  ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)

JUDGE _____    DOCKET NUMBER _____

DATE  1/12/00

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY: Receipt No. _____    Amount: _____

IFP