IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6074 CIV-HURLEY
Magistrate Judge Lynch



GALINA SOKOLSKAYA,                    )
                                      )
              Plaintiff,              )
                                      )
vs.                                   )
                                      )
IMMIGRATION AND                       )
NATURALIZATION SERVICE; DORIS         )
MEISSNER, Commissioner, Immigration   )
and Naturalization Service; ROBERT    )
WALLIS, District Director, Immigration )
and Naturalization Service, Miami; and )
ELAINE WATSON, Director,              )
Naturalization Unit, Immigration and  )
Naturalization Service, Miami         )
                                      )
_____Defendants._____     )

EX PARTE MOTION FOR EXTENSION OF TIME
FOR COMPLIANCE WITH S.D. Fla. L.R. 16.1 AND COURT'S SCHEDULING REPORT
ORDER

    Plaintiff, GALINA SOKOLSKAYA, by and through undersigned counsel,

requests, ex parte, that this Court extend the time within which the parties are required to

comply with S.D. Fla. L.R. 16.1 and this Court's Order of January 21, 2000 until April 7, 2000,

60 days after this Court granted plaintiff's Motion to Proceed In Forma Pauperis.  The reasons

for granting this Motion are as follows:

    The Complaint in this action was filed on January 14, 2000.  Accompanying the

complaint, plaintiff filed a Motion to Proceed in Forma Pauperis and a proposed Order.  The

clerk of the Court will not issue a Summons without the filing fee having been paid or an order



of the Court allowing the action to proceed In Forma Pauperis. This Court granted plaintiff's

Motion on February 7, 2000. The summonses were issued on February 10, 2000 and service has

now been accomplished. However, twenty seven days passed from the filing of the complaint

before the summons were issued.

S.D. Fla. L.R. 16.1 B. and this Court's Scheduling Report Order of January 21, 2000

impose certain duties on plaintiff's counsel which are required to be performed within 60 days

of the filing of the complaint. In this case that date would be March 14, 2000. Given that the

original summons could not have been issued until after February 7, 2000 and that the

defendants, as agencies of the United States government have 60 days to respond, it will not be

possible for plaintiff's counsel to ascertain who defendant's counsel is and comply with the

provisions of Rule 16.1 within the time allotted. Therefore, plaintiff requests that the Court

grant plaintiff additional time until April 7, 2000, 60 days from the date on which it granted

plaintiff's Motion to Proceed in Forma Pauperis, within which to comply with the attorneys'

conference provisions of S.D. Fla. L.R. 16.1 and this Court's Scheduling Report Order of

Since the complaint has just now been served, plaintiff's counsel makes this request Ex

Parte. However, plaintiff's counsel has served by mail a copy of this Ex Parte Request on the

United States Attorney for the Southern District.

Respectfully submitted,
Attorneys for Plaintiff

By_____

CHARLES F. ELSESSER, JR., ESQ.
Florida Bar No. 971162
FLORIDA LEGAL SERVICES, INC.
Miami Advocacy Office
3000 Biscayne Blvd., Suite 450
Miami, FL 33137
Telephone No. (305) 573-0092

Facsimile  No. (305) 576-9664

JONEL NEWMAN, ESQ.
Florida Bar No. 112320
Florida Justice Institute, Inc.
2870 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2309
(305) 358-2081
(305) 358-0910 - Fax

BARBARA J. PRAGER, Florida Bar No. 267937
LEGAL AID SERVICE OF BROWARD COUNTY, INC.
609 S.W. First Ave.
Fort Lauderdale, FL 33301
Telephone (954) 765-8955
Facsimile (954) 765-5149

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2000 a true and correct copy of the foregoing

pleading was mailed to United States Attorney, Southern District of Florida, 99 N.E. 4th St.,

Miami, FL 33132.

Charles F. Elsesser, Jr.